# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 19, 2000 Session

## MICHAEL YOUMANS D/B/A YOUMANS' CONSTRUCTION COMPANY
## v. SAMUEL COLEMAN

**An Appeal from the Circuit Court for Carroll County**
**No. 3963 and 3964      Julian P. Guinn, Judge**

—————————————

**No. W2000-00150-COA-R3-CV - Filed May 30, 2001**

—————————————

This is a construction case. The general contractor sued the homeowner for failing to make payment under the contract and for failing to pay for "extras" not contained in the original contract. The homeowner asserted that the general contractor failed to make certain corrections to the home, and that he did not agree to pay for "extras." After a bench trial, the trial court held for the homeowner. The general contractor appeals. We affirm, finding that the trial court's decision was based on its determination of the credibility of the witnesses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

James T. Ryal, Jr., Humboldt, Tennessee, for the appellant, Michael Youmans d/b/a Youmans' Construction Company.

Nathan B. Pride, Jackson, Tennessee, for the appellee, Samuel Coleman.

## MEMORANDUM OPINION[1]

Plaintiff/Appellant Michael Youmans, a general contractor, entered into a written contract to construct a home in Atwood, Tennessee, for Defendant/Appellee Samuel Coleman. The contract specified that the home would have 1,500 square feet and a "90 ft. X 16 ft." concrete drive. It stated

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

that Coleman would pay Youmans $87,242, subject to "additions and deductions," and set forth a schedule for Coleman to make payments. Coleman paid $77,000 to Youmans on the contract, leaving a balance of $10,242. In addition, Youmans sent Coleman a list of "extra" charges for $1,710.05, including $1,000 for lengthening the concrete drive from 90 feet long to 132 feet long and $350 for a patio. Coleman refused to make any additional payments until Youmans made various cosmetic corrections to the home. Among the repairs requested by Coleman were corrections to brick mortar joints that were uneven, vinyl siding that was loose and not properly attached, a porch rail that was crooked, a bent gutter, vinyl flooring in the kitchen that was not glued properly, carpeting that needed to be stretched, walls and doors that needed to be straightened, and exterior doors that were not caulked properly and leaked when it rained. Youmans did not make the repairs Coleman requested.

Youmans sued Coleman in General Sessions Court for the remaining portion of the contract plus the cost of the extra work, a total of $11,952.05. Coleman counterclaimed against Youmans for the cost of the cosmetic corrections. The General Sessions Court rendered judgment in favor of Youmans for $9,452.05. Both parties appealed to the Circuit Court for Carroll County. The cases were consolidated.

A bench trial was held on October 28, 1999. At trial, both parties testified at length about the contract and the construction of the home. Youmans testified that he poured a longer concrete driveway than was called for in the contract, and that this was the reason for the extra charge of $1,000. Coleman testified that it was his understanding that the longer driveway was in exchange for eliminating a room from the house plans.

Youmans offered as witnesses several of the subcontractors who performed work on the home, who testified that the construction was within acceptable standards for homebuilders. Dale Catlett, a home inspector and a teacher of the building trade, testified that the construction of the home was basically good. Catlett acknowledged that there were a few minor imperfections that any buyer should expect in a new home, and that Youmans should correct those imperfections.

Coleman offered witnesses concerning the defects in the home. Hayes Herron, a building contractor, testified as to the cost of repairing the defects. Herron testified that the total cost of repairing the defects was $16,839. Previously, in General Sessions Court, Herron had testified that the cost of repair was $9,895.

It was undisputed at trial that the home was unoccupied, and that Youmans had access at all times to enter the premises and make repairs. Youmans testified that he was willing to make some of the repairs requested by Coleman, but he was not willing to tear out and replace walls. It is undisputed that Youmans did not make any of the requested repairs.

At the conclusion of the trial, the trial judge ruled from the bench. The trial judge found that the home was constructed by Youmans in a "less than acceptable workmanlike manner," and that Coleman had contributed to the problem by his unwillingness to facilitate a solution. Nonetheless,

Youmans had access to the premises to inspect the home and make necessary repairs. The trial judge found that the $1,000 extra charge for the driveway extension was not a part of the parties' contract. Therefore, he concluded that Youmans was entitled to $10,952.05 on the contract. Regarding the cost of repairing the defects in the home, the trial judge stated that "this court nor any other court will allow [Herron] to testify as to different figures in different forums." However, he noted that there was no evidence to contradict the lower figure provided by Herron in his testimony in General Sessions Court. Consequently, the trial court ruled that Coleman was entitled to a credit of $9,895 against the contract. After setting off the two awards, the trial court held that Coleman was liable to Youmans for $1,057.05. A written order to this effect was entered. From this order, Youmans now appeals.

On appeal, Youmans argues that the evidence did not preponderate in favor of the trial court's decision that the $1,000 for the driveway extension was not a part of the contract. Second, Youmans argues that the testimony of Hayes Herron was tainted and the trial court should have given it no credibility.

An appeal from a bench trial is reviewed *de novo*, with a presumption of correctness in the trial judge's findings of fact. *See* Tenn. R. App. P. 13d.

When the trial court resolves a conflict in testimony in favor of one party over another, such a credibility determination is "binding on the appellate court unless from other real evidence the appellate court is compelled to conclude to the contrary." ***Reed v. Alamo Rent-A-Car, Inc.***, 4 S.W.3d 677, 683 (Tenn. Ct. App. 1999) (citation omitted). The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. ***See In re Estate of Walton v. Young***, 950 S.W.2d 956, 959 (Tenn. 1997).

In this case, the trial court's findings hinge on its determinations regarding the credibility of the witnesses. Reviewing the record as a whole, and according appropriate deference to the trial court's determinations of credibility, we find that the evidence does not preponderate against the trial court's decision that the driveway extension, valued at $1,000, was not part of the contract. Likewise, the evidence does not preponderate against the trial court's decision to credit Herron's lower figure regarding the cost of repairing the defects. Therefore, the trial court's award, after setoff, of $1,057.05 to Youmans must be affirmed.

The decision of the trial court is affirmed. Costs of this appeal are taxed to the appellant, Michael Youmans, d/b/a Youmans' Construction, and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE